JS 44   (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a)   PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:        IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II.  BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                          and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | |
| (Excl. Veterans) | | ☐ 370 Other Fraud | | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding    ☐ 2  Removed from State Court    ☐ 3  Re-filed **(See VI below)**    ☐ 4  Reinstated or Reopened    ☐ 5  Transferred from another district *(specify)*    ☐ 6  Multidistrict Litigation Transfer    ☐ 7  Appeal to District Judge from Magistrate Judgment    ☐ 8  Multidistrict Litigation – Direct File    ☐ 9  Remanded from Appellate Court

## VI.  RELATED/ RE-FILED CASE(S)

(See instructions):   a) Re-filed Case ☐ YES ☐ NO        b) Related Cases ☐ YES ☐ NO

JUDGE:                                                                    DOCKET NUMBER:

## VII.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause  *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23        DEMAND $                    CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE                                                    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY : RECEIPT #                AMOUNT                IFP                JUDGE                MAG JUDGE

**<u>Attorneys for Plaintiff Robert Etri</u>**
SHAMIS & GENTILE, P.A.
Andrew J. Shamis (FL Bar No. 101754); Garrett O. Berg (FL Bar No. 1000427)
14 NE 1st Ave., Suite 705
Miami, FL 33132
(305) 479-2299

EDELSBERG LAW, P.A.
Scott Edelsberg (FL Bar No. 0100537); Christopher Gold (FL Bar No. 088733)
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
(786) 289-9471

**<u>Attorneys for Defendant One Medical, Inc</u>**.
SHUTTS & BOWEN LLP
Matthew Sackel (FL Bar. No. 17903)
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL  33401
(561) 650-8545

COOLEY LLP
Michelle C. Doolin (CA Bar. No. 179445) (*pro hac vice* forthcoming)
Leo P. Norton (CA Bar No. 216282) (*pro hac vice* forthcoming)
4401 Eastgate Mall
San Diego, CA  92121
(858) 550-6000

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**      (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**      **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**      **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**      **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**      **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**      **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**      **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
         Brief Description: Unauthorized reception of cable service

**VIII.**      **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| ROBERT ETRI, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: |
| v. | |
| ONE MEDICAL GROUP, INC., | |
| Defendant. | |

## NOTICE OF REMOVAL BY DEFENDANT ONE MEDICAL GROUP, INC.

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant One Medical Group, Inc. ("One Medical"), by and through its undersigned counsel, hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case. No. 2022-002178-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida, Miami Division on the grounds stated below.  In support of removal, One Medical hereby files this statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon One Medical in the state court case.[1]

## STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.  In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of One Medical's rights to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets each of CAFA's requirements for removal and this case is timely and properly removed through the filing of this Notice. The sole named defendant, One Medical Group, Inc., initiates and consents to removal.

## VENUE

2.      Venue is proper in this Court because Plaintiff originally filed this action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, and the United States District Court for the Southern District of Florida, Miami Division, is the "district court of the United States for the district and division embracing the place where [the state court action] is pending." 28 U.S.C. § 1446(a); 28 U.S.C.A. § 1453; *see also* 28 U.S.C.A. § 89.

## PROCEDURAL HISTORY

3.      On February 4, 2022, plaintiff Robert Etri ("Plaintiff"), on behalf of himself and a putative class of others similarly situated, commenced a civil action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Robert Etri, individually and on behalf of all others similarly situated v. One Medical Group, Inc.*, Case No. 2022-002178-CA-01, by filing a complaint. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

4.      The Complaint, which is styled as a putative nationwide class action excluding California citizens, alleges four causes of action: (i) violation of the Consumer Legal Remedies Act (California Civil Code §§ 1750 *et seq.*); (ii) false and misleading advertising (California Business and Professions Code §§ 17500 *et seq.*); (iii) violation of California's unfair competition law (California Business and Professions Code §§ 17200 *et seq.*); and (iv) unjust enrichment. (Ex. A (Compl. ¶¶ 53-91).)

5.     One Medical was subsequently served with the summons on February 17, 2022.  A true and correct copy of the summons is attached hereto as **Exhibit B**.

6.     To One Medical's knowledge, there is no other process, pleadings, or orders in the State Court Action not previously referenced.

7.     Pursuant to 28 U.S.C. §1446(a), **Exhibits A** and **B** constitute all process, pleadings, and orders served upon One Medical to date in this matter.

## NOTICE TO STATE COURT AND PLAINTIFF

8.     Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this notice of removal in this Court, written notice of such filing will be given to Plaintiff's counsel and a copy of the notice of removal will be filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## TIMELINESS OF REMOVAL

9.     This notice of removal is timely because it is filed within thirty (30) days from February 17, 2022, the date One Medical was served with the summons and complaint.  *See* 28 U.S.C. § 1446(b)(1).

## SUBJECT MATTER JURISDICTION

10.     This action is properly removable under the CAFA, 28 U.S.C. § 1332, because a district court shall have original jurisdiction over any civil action styled as a class action in which: (i) the number of members of the proposed plaintiff class is not less than one hundred; (ii) the matter in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d). If a state court putative class action meets all three requirements, it may be removed to federal court.  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant[.]").  As discussed below, this case meets each CAFA requirement for removal.

### Plaintiff Filed the State Court Action as a Putative Class Action

11.      The State Court Action is considered a "class action" for purposes of 28 U.S.C § 1332(d)(2) because Plaintiff brings claims on his own behalf and on behalf of a putative class of all other similarly situated individuals, pursuant to Florida Rule of Civil Procedure § 1.220(b)(2) and (b)(3).  (Ex. A (Compl. ¶¶ 43).)  *See Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule of Civil Procedure 23.").

### The Proposed Class Contains At Least 100 Members

12.      Plaintiff seeks to certify a class defined as: "All persons in the United States who paid One Medical's annual membership fee during the applicable statutes of limitations through the date a class is certified," excluding citizens of California. (Ex. A (Compl. ¶¶ 43–44).)  Plaintiff alleges that he "believes the Class members number in the several thousands, if not more."  (Ex. A (Compl. ¶ 44).)

13.      Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief, if the allegations in the complaint are accepted as true, there are more than 100 proposed class members.  *See, e.g.*, *Phillips v. Wellpoint, Inc.*, No. 10-cv-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).  Accordingly, this CAFA requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(5)(B).

**The Amount in Controversy On Class Claims Exceeds $5,000,000**

14.     Plaintiff's complaint does not plead a specific amount of damages, though the amount in controversy is ascertainable from the allegations set forth in the complaint.  In such circumstances, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see Anderson v. Wilco Life Ins. Co*., 943 F. 3d 917, 925 (11ᵗʰ Cir. 2019) (Only "[w]hen the plaintiff contests or the court questions the defendant's allegation, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient.").

15.     Nevertheless, One Medical has submitted a declaration in support of its notice of removal that demonstrates that the amount in controversy requirement is satisfied.  (Declaration of Jake Stover  ("Stover Decl."); *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 755 (11th Cir. 2010) (To establish the amount in controversy, "[d]efendants may introduce their own affidavits, declarations, or other documentation[.]"); *id*. at 756 (noting that "declaration by itself" can establish jurisdictional requirement); *Dudley v. Eli Lilly and Co*., 778 F.3d 909, 917 (11th Cir. 2014) (agreeing with observation that defendant, in response to motion to remand, should not be required to produce "detailed, sales-record-by-sales-record proof" regarding the amount in controversy).

16.     When determining whether the $5 million threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence."  *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

17.    Plaintiff alleges that he and proposed class members were "deceived" into paying annual membership fees ("AMF") of $149–$199 (Ex. A (Compl. ¶ 1).)  Further, among other forms of requested relief, Plaintiff prays that One Medical be ordered "to restore Plaintiff and members of the Class any monies that were acquired by means of its false and deceptive advertising, with interest."  (Ex. A (Compl. Prayer for Relief, ¶ f).)  Based on Plaintiff's allegations, to reach the $5 million threshold, there needs to be between 25,126 to 33,558 persons in the United States (excluding California citizens) who paid One Medical's annual membership fee during the past four years.[2]  As set forth above in Paragraph 12, Plaintiff alleges that he "believes the Class members number in the several thousands, if not more."  (Ex. A (Compl. ¶ 44).)

18.    Additionally, in support of this notice of removal, One Medical submits evidence demonstrating that the total number of persons in the United States (excluding members attributed to California markets) who paid One Medical's annual membership fee during the past four years is far in excess of 100,000 persons and that, as a result, it collected more than $5,000,000 in annual membership fees in 2021 alone excluding members attributed to California markets. (Stover Decl., ¶ 5)

19.    As such, without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief, Plaintiff seeks to recover more than $5,000,000 in annual membership fees based on his request for restitution alone.  *See Anderson v. Wilco Life Ins. Co*., 943 F. 3d 917, 925 (11th Cir. 2019) (under CAFA the pertinent issue is not how much the plaintiffs are likely to ultimately recover, it is an

---

[2] The statute of limitations for Plaintiff's California's unfair competition law (California Business and Professions Code §§ 17200 *et seq.*) claim is four years.  Cal. Bus. & Prof. Code § 17208.

estimate of the amount that will be put at issue in the course of the litigation).  In addition to restitution, Plaintiff also seeks compensatory, direct, and consequential damages (including prejudgment interest), punitive or treble damages, and attorneys' fees and costs, as well as injunctive relief, further pushing the amount in controversy over $5 million.  (Ex. A (Compl. Prayer for Relief, ¶¶ e, g-i).)

### A Putative Class Member's State of Citizenship is Diverse from One Medical's Citizenship

20.     CAFA "gives federal courts original jurisdiction over class actions where the amount in controversy exceeds $5,000,000 and there is minimal diversity between the parties (meaning at least one plaintiff and one defendant are from different states)." *Smith v. Marcus & Millichap*, Inc., 991 F. 3d 1145, 1148 (11th Cir. 2021).

21.     Here, Plaintiff alleges that he is a citizen of Florida.  (Ex. A (Compl. ¶ 14).)

22.     For diversity purposes under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  *See also Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181, 1185–86 (2010) ("principal place of business" is the corporation's "neve center").  Here, at the time of the filing of this action, One Medical  is, and remains, a California corporation with its principal place of business in San Francisco, California.  (Stover Decl., ¶ 3).  As such, One Medical is a citizen of California and is not a citizen of Florida.

23.     Minimum diversity is therefore satisfied under 28 U.S.C. § 1332(d)(2)(A).

## CONCLUSION

24.     Based on the foregoing, One Medical removes the State Court Action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court.

Dated: March 18, 2022

By: _____

Matthew Sackel
Florida Bar No. 17903
msackel@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Blvd., Suite 1100
West Palm Beach, FL 33401
Tel: (561) 835-8500
Fax: (561) 650-8530

Eric Yesner
Florida Bar No. 127219
eyesner@shutts.com
**SHUTTS & BOWEN LLP**
200 East Broward Blvd., Suite 2100
Fort Lauderdale, FL 33301
Tel: (954) 524-5505
Fax: 954-524-5506

Leo P. Norton
(*pro hac vice forthcoming*)
lnorton@cooley.com
Michelle Doolin
(*pro hac vice forthcoming*)
mdoolin@coolege.com
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6083
Fax: (858) 550-6420

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I filed a true and correct copy of this document with the Clerk of this

Court via the CM/ECF system, which will notify all counsel who are registered CM/ECF users.

I further certify that, because the foregoing document commences a federal action and counsel

might not be registered CM/ECF users, the document will also be served via electronic mail to

the following counsel appearing on the state-court complaint:

Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
Christopher Gold, Esq.
Florida Bar No. 088733
chris@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

_____
Eric M. Yesner

WPBDOCS 11192257 1 55026.0001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROBERT ETRI, individually and on behalf of
all others similarly situated,

    Plaintiff,

  v.

ONE MEDICAL GROUP, INC.,

    Defendant.

Case No.:

---

## <u>DECLARATION OF JAKE STOVER IN SUPPORT OF NOTICE OF REMOVAL</u>

I, Jake Stover, declare as follows:

  1. I submit this Declaration in my capacity as Vice President, Financial Planning & Analysis for 1Life Healthcare, Inc., which is an affiliated company of and the management services organization for One Medical Group, Inc. ("One Medical"). In this role, I am the Head of Strategic Finance for One Medical. I submit this Declaration in support of One Medical's notice of removal to federal court. I have worked for One Medical since November 2021.

  2. I make these statements based on my knowledge of the matters set forth herein, and based on One Medical's business records created and kept in the ordinary course of business of which I have access to and rely upon in carrying out my job responsibilities as Head of Strategic Finance for One Medical. If called as a witness, I could and would competently testify thereto.

  3. One Medical is a California corporation with its principal place of business in San Francisco, California.

  4. In my current role, among other responsibilities, I am familiar with the manner and method by which One Medical maintains its normal business records, including computer records, relating to One Medical members and member payments of the annual membership fee, if

applicable.  Records regarding members are made in the course of regularly conducted business activities: (1) at or near the time the events they purport to describe occurred, by a person with knowledge of the acts and events; or (2) by a computer or other similar digital means, which contemporaneously records an event as it occurs.  The contents of this Declaration are true and correct based upon my personal knowledge, my knowledge of the record-keeping systems under which One Medical maintains its business records, or One Medical's business records.

5.     Based on its records, One Medical had far in excess of 100,000 persons that were annual-membership-fee-paying members from February 8, 2018 to February 8, 2022, excluding members attributed to California markets.  One Medical therefore collected significantly more than $5,000,000 in annual membership fees from such members during that time period.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 18th day of March, 2022 in Little Rock, Arkansas.

Jake Stover
Vice President, Financial Planning &
Analysis, 1Life Healthcare, Inc.

Filing # 143365131 E-Filed 02/04/2022 11:21:35 AM

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.

ROBERT ETRI,
individually and on behalf of all others
similarly situated,

  Plaintiff,             **CLASS ACTION**

vs.

                 **JURY TRIAL DEMANDED**

ONE MEDICAL GROUP, INC.,

  Defendant.

_____/

### CLASS ACTION COMPLAINT

Plaintiff, Robert Etri (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, hereby brings this Class Action Complaint against Defendant, One Medical Group Inc., (hereinafter "Defendant" or "One Medical"), and alleges as follows:

### INTRODUCTION

1. This lawsuit is brought as a class action on behalf of Plaintiff and thousands of similarly situated One Medical customers who have been deceived into paying annual membership fees ("AMFs"). One Medical represents to customers that they must pay these AMFs in order to obtain any medical care or services from One Medical when, in fact, payment of the AMFs is entirely optional.

2. One Medical is a membership-based "concierge" medical practice with at least 60 offices nationwide. Founded in 2007, One Medical added 80,000 new patients in 2015 and is currently valued at over $1 billion.

3. Anyone with certain insurance coverage accepted by One Medical can seek medical services at a One Medical office. Upon information and belief, Aetna, Anthem Blue Cross, Blue Shield, Chinese Community Health Plan, Cigna, Health Net, and United Health Care, among others, all cover medical services provided by One Medical as an "in-network" provider.

4.       One Medical also offers additional, optional services to so-called "members," such as use of its mobile app and online appointment booking and messaging. To receive these additional, optional services and become a "member," consumers must pay an AMF of $149-$199 per year. However, neither "membership" nor payment of the AMF is actually required to receive medical services through One Medical. The well-kept secret of One Medical is that payment of the AMF is not required to make an appointment at a One Medical office or receive medical services from a One Medical provider.

5.       Nevertheless, One Medical falsely and deceptively represents that payment of the AMF is *required* in order to obtain any medical services, and intentionally omits that the AMF is *optional.*

6.       CareFirst BlueCross BlueShield, one of the health insurers that offered insurance coverage for One Medical, explicitly stated in a letter to its insureds (and One Medical) that One Medical's attempts to impose the AMF as a precondition to access services is improper:

> One Medical insists that it be able to require that CareFirst members pay an annual access fee of $200 prior to receiving any primary care services from One Medical. Such a requirement is prohibited by CareFirst's current PCMH contract with One Medical, since **CareFirst members have the right to access all health care services covered as part of their health plan with CareFirst without-as a pre-condition-being required to pay an additional access fee from any PCMH provider** ... CareFirst has repeatedly advised One Medical that any access fee must be voluntary for CareFirst members ... For some time, CareFirst has had an agreement with One Medical making it clear that no access fee is required for CareFirst members.

7.       Still, One Medical forces consumers to pay the AMF before it allows them to access services through One Medical, and deceives consumers regarding the necessity of paying that fee when in fact that fee is (and must be) optional for individuals receiving healthcare services covered under their health insurance policies.

8.       The optional services covered by the AMF are limited. Recognizing that consumers would not want to voluntarily pay $149-$199 per year for use of little more than a mobile application

and online appointment booking and messaging, One Medical engaged in this sustained, deliberate deception specifically designed and intended to maximize revenue.

9.      During all relevant times, One Medical's misrepresentations and omissions were made, *inter alia,* on its website and its mobile application, where customers could sign up and pay the AMF. In furtherance of its scheme, One Medical intentionally designed its website and mobile application such that it is impossible to create a One Medical account without paying the AMF.

10.     Additionally, consumers who try to sign up with One Medical over the telephone or in person are told that the AMF is mandatory and that they could not make an appointment or receive any services until they paid the AMF.

11.     In sum, there is no practical way for a consumer to opt-out of paying what is supposed to an ***optional*** annual membership fee and still obtain medical services through One Medical.

12.     Had Plaintiff and the Class members known the AMFs were not required in order to receive medical services through One Medical, they would not have paid them.

13.     Plaintiff and the Class members have been injured by One Medical's practices. Plaintiff brings this action on behalf of himself, the putative Class, and the general public. Plaintiff seeks actual damages, punitive damages, restitution, and an injunction on behalf of the general public to prevent One Medical from continuing to engage in its illegal practices described herein.

## PARTIES

14.     Plaintiff Robert Etri is a citizen and resident of Miami-Dade County, Florida. He was a One Medical member from 2017 to the present. Believing it to be mandatory to receive care at a One Medical facility, Plaintiff paid the $199 AMF in at least May 2020.

15.     Defendant One Medical is a California corporation with its principal place of business in San Francisco, California. One Medical is a "concierge" medical practice with at least 60 offices nationwide. The company is purportedly valued at over $1 billion.[1]

## JURISDICTION, VENUE, AND STANDING

16.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

17.     Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant transacted business within this circuit, and many of the alleged unlawful acts, omissions, and contractual performance alleged herein complained of herein took place within this circuit.

18.     Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

19.     Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's unlawful acts, and because he is not requesting an advisory opinion from this Court.  Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTUAL ALLEGATIONS

### A.  One Medical's Misrepresentations and Omissions

20.     One Medical provides primary care medical services through a network of physicians and medical professionals in 60 offices nationwide. Those medical services are covered-as medical services through many other physicians and groups would be-as an in-network visit under various well-

---

[1] *See* https://www.cnbc.com/2017/07/18/one-medical-snags-new-ceo-amir-rubin-from-unitedhealth.html

subscribed health insurance plans, including Aetna, Anthem Blue Cross, Blue Shield, Chinese Community Health Plan, Cigna, Health Net, and United Health Care.

21.     Upon information and belief, each of the contracts between One Medical and those health insurers prohibits the assessment of "pay-to-play" fees, such as AMFs, charged by One Medical for access to its services.

22.     The Affordable Care Act also prohibits the assessment of this type of fee to access many types of medical services.

23.     Individuals with health insurance are entitled to receive services covered by their plan at no additional cost, outside of their co-pay or deductible. One Medical knows it is prohibited from charging extra-contractual fees for covered services, but most consumers do not. One Medical capitalizes on this informational disadvantage by charging AMFs that consumers think they are paying to be a part of the One Medical "Group" of consumers who are eligible to receive medical care at One Medical offices. The premise is fundamentally deceptive.

24.     One Medical does not want its potential members and members to know about the above prohibitions, or to know that the vast majority of services it provides are covered under their health insurance policies because One Medical profits from its steep, automatically-recurring annual AMFs, which consumers *think* they are paying as a prerequisite to receive treatment at a One Medical facility, but which they are *in fact* paying for optional services of dubious value.

25.     Accordingly, One Medical misrepresents to consumers that individuals who are covered by health insurance policies for which One Medical is considered "in-network" must also pay the AMF to be eligible to receive treatment at One Medical offices, and omits that the AMFs are optional.

26.     For example, if a woman wants to schedule a "well-woman" visit, and that woman has a healthcare policy under the Affordable Care Act, that visit is supposed to be **free**-meaning no copay, regardless of whether the woman has met her yearly deductible-provided the woman chooses to go to an in-network provider, such as One Medical. But even when One Medical is in-network, an ordinary

well-woman visit there is not free because the woman must pay the AMF. There is no practical way a woman can access that free, in-network service at One Medical without first paying the AMF because One Medical fails to disclose that women are able to receive the exact same treatment for free and misrepresents the necessity of paying the AMF.

27.     Indeed, at least one health insurance company has warned One Medical about the impropriety of its conduct. As set forth above, CareFirst BlueCross BlueShield sent a letter to its members on October 20, 2017, in which it stated that it told One Medical's that its AMF must be optional under its agreement.

28.     In other words, the One Medical's AMF must only cover services not included in an individual's healthcare plan and only when a consumer knowingly chooses to pay the fee for access to the additional services.

29.     The fact that One Medical is prohibited from up-charging services that are already included under consumers' healthcare policies means that consumers should be able to access the vast majority of One Medical's services without paying the fee, including receiving treatment from a One Medical clinician at a One Medical office.

30.     One of the only alleged benefits of the One Medical membership that is arguably not already covered by an individual's insurance is the use of the One Medical mobile application and website portal, which allows members to request prescription refills online, book appointments online, and interface with clinicians. But consumers do not consider these alleged benefits as extra, as they do not know that they are separate from medical services included under their insurance plans. Because Medical misrepresents its AMF as a necessary prerequisite to receive any care at a One Medical facility, and omits that the AMF is optional, consumers choose One Medical thinking that those separate services are simply an extra benefit One Medical offers.

31.     One Medical's misrepresentations are both implicit and explicit on the One Medical website and in other policy documentation. For example, the following question and answer in One Medical's online FAQ, displayed at least until December 2017, expressly makes a false statement:

> **Q: If I have insurance, do I still need to pay the membership fee?**
>
> **A: Yes. Insurance and the annual membership fee are two separate, unrelated items**. We are in network with most PPO and HMO insurance plans, and will handle all the insurance paperwork for any of your visits. In that regard, we are similar to many more traditional doctor's offices. The membership fee, however, helps us offer services that are not typically covered by health insurance, such as online/email consultation, mobile prescription renewals, and other conveniences.

(Emphasis added).

32.     As discussed herein, the above representation is false and misleading. Insurance and the AMF are *not* "two separate, unrelated items." Individuals with insurance are not required to pay the AMF in order to make an appointment at a One Medical office and receive treatment from a One Medical clinician.

33.     Moreover, the very structure of the online and mobile portals requires consumers to pay the AMFs before they may access the medical services for which they are eligible. Throughout the sign-up process on both the One Medical website and mobile application, there is no option to skip payment of the AMF. Payment is required to complete enrollment, and it is one of the first steps in the process.

34.     Indeed, throughout the enrollment process, One Medical fails to inform consumers at any point that the membership fee is optional for individuals with insurance for which One Medical is covered in-network.

35.     One Medical charges these recurring, non-optional AMFs to members' credit cards, without informed consent, even when it knows those members carry insurance would not pay the AMF if given an option.

36.     Through both affirmative misrepresentations and omissions, One Medical leads reasonable consumers like Plaintiff to believe that the membership is required to in order to receive any treatment or services at a One Medical office from a One Medical clinician.

37.     The following excerpts of online complaints demonstrates how One Medical willfully fails to disclose to consumers that its membership fees are optional in order to receive treatment at a One Medical office:

> About 95% of the primary care physicians on my insurance plan work in One Medical offices. I tried to call and book and an appointment and was told I would have to apply for a financial hardship waiver - in order to see my doctor without the privilege of paying $150 for One Medical.

> I used to love this place. I paid the membership fee, but let it lapse as I haven't been to the doctor in a year. When I went to make an appointment, I was pressed for the membership fee. I said no. Then I was transferred to a membership associate to "answer my questions." I was then cajoled and shamed to pay the fee, or sign the waiver. I was asked how much I make a year. II I had seen an incredible doctor there who recently left OM. Now I'm wondering if their new policies are what pushed her out. When I asked the new doctor a question, she said, "That's no longer in our current model of offerings." Sounds a lot like corporate speak to me. I guess this is what happens when a for-profit company gets into the medical care business.

38.     Through its misrepresentations and omissions, One Medical intentionally coerces consumers into paying for healthcare services already covered by their insurance. If Plaintiff and members of the Class knew the membership fee was optional to receive care at a One Medical facility, they would not have paid it.

**B. Plaintiff's Experience**

39.     Plaintiff signed up for One Medical in 2017. Believing that the annual membership fee was mandatory in order to receive an appointment at a One Medical office, Plaintiff paid the AMF when he signed up. At all relevant times, Plaintiff had valid health insurance for which One Medical Group was in-network.

40.     Immediately before signing up for One Medical, Plaintiff viewed One Medical's website, including the representations regarding the AMF contained thereon. The misrepresentations and omissions on the One Medical website made him believe that payment of the AMF was required in order to obtain medical care or services through One Medical. Additionally, Plaintiff had to pay the AMF in order to complete the online registration process, so there was no way to sign up without paying the AMF.

41.     One Medical never disclosed to Plaintiff that the AMF was optional, nor did One Medical give Plaintiff the choice to "opt out" of the AMF. As such, Plaintiff believed that he was (and in fact was) required to pay the AMF in order to obtain any medical services thorough One Medical, including those services covered by his health insurance policy.

42.     Had Plaintiff known the AMF was optional in order to receive medical services through One Medical, he would not have paid the fee.

## CLASS ALLEGATIONS

### PROPOSED CLASS

43.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> All persons in the United States who paid One Medical's "annual membership fee" during the applicable statutes of limitations through the date a class is certified.

44.     Defendant and its employees or agents are excluded from the Class. California citizens are also excluded from the Class, however California law applies to the proposed nationwide class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

45.     The members of the Class are believed to be so numerous that joinder of all members is impracticable. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

46.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

47.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (1) whether payment of One Medical's AMF is optional; (2) whether One Medical required customers to pay its AMF before providing consumers with any health services; (3) whether One Medical's representations about its AMF are false, misleading, deceptive or likely to deceive; (4) whether One Medical failed to disclose that its AMF is optional; (5) whether One Medical's failure to disclose that its AMF is optional constituted a material omission likely to deceive; (6) whether One Medical provided an effective way for consumers to opt-out of paying the AMF; (7) whether Plaintiff and the Class members were damaged by One Medical's conduct; (8) whether One Medical's actions or inactions violated the consumer protection statutes invoked herein; and (9) whether Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendant's conduct.

48.     Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from One Medical's practices applicable to each individual Class member. As such, these common questions predominate over individual questions concerning each individual Class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

### TYPICALITY

49.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

50.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

51.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

52.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT ONE**
**Violation of the Consumer Legal Remedies Act**
**[California Civil Code§§ 1750, *et seq*.]**

53.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

54.     The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA"), was designed and enacted to protect consumers from unfair and deceptive business practices. To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in Civil Code § 1770.

55.     Plaintiff and each member of the Class are "consumers" within the meaning of Cal. Civ. Code§ 1761(d).

56.     Plaintiff and the Class members engaged in "transactions" with One Medical within the meaning of Cal. Civ. Code § 1761(e) when they paid AMFs.

57.     Plaintiff has standing to pursue these claims because he has suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.

58.     Defendant violated and continues to violate California Civil Code§§ 1770(a)(5), (a)(9), (a)(14), and (a)(19) by misleading consumers that payment of the AMFs are mandatory in order to receive medical services through One Medical when in fact they are optional.

59.     Defendant continues to violate the CLRA and continue to injure the public by misleading consumers about the mandatory nature of their AMFs. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to prevent Defendant from continuing to engage in these deceptive and illegal practices. Otherwise, Plaintiff, the Class members, and members of the general public may be irreparably harmed and/or denied effective and complete remedy if such an order is not granted.

60.     Defendant had a duty not to mislead consumers about the AMFs, and the optional nature of the AMFs were material in that a reasonable person would have considered it important in deciding whether or not to pay the AMFs.

61.     Defendant's concealment, omissions, misrepresentations, and deceptive practices, in violation of the CLRA, were designed to induce and did induce Plaintiff and Class members to pay the AMFs.

62.     Defendant's acts, practices, representations, omissions, and courses of conduct with respect to the AMFs violate the CLRA in that, among other things: they violated and continue to violate § 1770(a)(5) because Defendant knowingly misrepresent(ed) that "membership" was required to obtain medical care and services; violated and continue to violate § 1770(a)(9) because Defendant knowingly advertise(d) services with intent not to sell them as advertised; violated and continue to violate§ 1770(a)(14) because Defendant knowingly misrepresent(ed) that "membership" confers the right to obtain medical care and services; and violated and continue to violate § 1770(a)(19) because Defendant require(d) consumers to pay the AMF to obtain medical services.

63.     Defendant's acts and practices, undertaken in transactions intended to result and which did result in the payment of AMFs by consumers, violate Civil Code § 1770 and caused harm to Plaintiff and Class members.

64.     In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the Class members seek injunctive and equitable relief on behalf of the general public for violations of the CLRA, including restitution and disgorgement.

65.     On February 3, 2021, Plaintiff's counsel mailed One Medical a notice of its violations of Cal. Civil Code § 1770 in accordance with Cal. Civil Code § 1782. If One Medical fails to make the demanded corrections within thirty (30) days of receipt of Plaintiff's notice, Plaintiff will seek leave to amend the Complaint to assert damages under the CLRA.

66.     Plaintiff seeks the recovery of court costs and attorneys' fees pursuant to Cal. Civil Code § 1780(e).

**COUNT TWO**
**False and Misleading Advertising**
**[Business & Professions Code§§ 17500, *et seq*.]**

67.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

68.     California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code§ 17500, states that "[i]t is unlawful for any ... corporation ... with  intent ... to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement...which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading"

69.     Defendant's material misrepresentations and omissions alleged herein violate Bus. & Prof. Code§ 17500.

70.     Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

71.     Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their practice of misrepresenting that payment of the AMF is mandatory in order to obtain medical care and services from One Medical.

72.     Further, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

73.     Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code§ 1021.5.

**COUNT THREE**
**Violation of California's Unfair Competition Law**
**[Cal. Bus. & Prof. Code § 17200, *et seq.]***

74.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

75.     Plaintiff and the members of the Class have standing to pursue a cause of action against Defendant for unfair and/or unlawful business acts or practices because they have suffered an injury-in-fact and lost money due to Defendant's actions and/or omissions as set forth herein.

76.     Defendant's conduct is unlawful under Bus. & Prof. Code § 17200 because it is in violation of the CLRA, as discussed above.

77.     Defendant's conduct as described herein constitutes a fraudulent business practice within the meaning of Bus. & Prof. Code§ 17200, et seq., in that they intentionally and knowingly misrepresented that the AMF was mandatory, through both their affirmative misrepresentations and material omissions. Such representations and omissions misled the Plaintiff and Class members, and are likely to mislead the public. Had Plaintiff known the AMF was optional, they would not have paid it.

78.     Defendant's conduct described herein is "unfair" under Bus. & Prof. Code § 17200 because it is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the public.

79.     Defendant knew or should have known that its representations regarding the AMF were false, deceptive, and misleading.

80.     There were reasonably available alternatives to further Defendant's legitimate business interests.

81.     Reasonable consumers had no way of knowing that Defendant was engaged in false, deceptive, and misleading advertising, and therefore could not have reasonably avoided the injuries that they suffered.

82.     Defendant's wrongful conduct is ongoing and part of a pattern or generalized course of conduct repeated on thousands of occasions yearly.

83.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an injunction on behalf of the general public enjoining Defendant from continuing to engage in the unfair competition described above, or any other act prohibited by law.

84.     Plaintiff also seeks rescission and an order requiring Defendant to make full restitution and to disgorge its ill-gotten gains wrongfully obtained from members of the Class as permitted by Bus. & Prof. Code § 17203.

85.     Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to Cal. Civ. Code§ 1021.5.

**COUNT FOUR**
**Unjust Enrichment**

86.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.     By means of the wrongful conduct alleged herein, Defendant knowingly misrepresented that payment of the AMF was required in a way that was unfair, unconscionable, and oppressive.

88.     Plaintiff and the members of the Class conferred an economic benefit upon Defendant by paying the AMFs, and Defendant had an appreciation or knowledge of the benefit conferred by Plaintiff and the members of the Class.

89.     Plaintiff and members of the Class would not have paid the AMFs had they known that it was optional.

90.     Defendant accepted and retained the economic benefit conferred by Plaintiff and members of the Class under circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

91.     The financial benefits obtained by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to disgorge in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds of its conduct. A constructive trust should

be imposed upon all wrongful or inequitable sums received by Defendant traceable to Plaintiff and the members of the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgement in his favor, and seeks an order from the Court:

      a.  certifying the proposed Class defined herein;

      b.  appointing Plaintiff as Class Representative;

      c.  appointing counsel for Plaintiff as Class Counsel;

      d.  declaring Defendant's conduct to be unlawful;

      e.  permanently enjoining Defendant from engaging in the false and deceptive conduct described above;

      f.  requiring Defendant to restore Plaintiff and members of the Class any monies that were acquired by means of its false and deceptive advertising, with interest;

      g.  awarding compensatory, direct, and consequential damages, including prejudgment interest, in an amount to be determined at trial;

      h.  awarding punitive damages and/or treble damages as the Court deems appropriate;

      i.  requiring Defendant to pay Plaintiff's attorneys' fees and costs; and

      j.  granting such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury for all matters so triable in this action.

Date: February 4, 2022

                         Respectfully submitted,

            By:    */s/ Andrew J. Shamis*
                     **SHAMIS & GENTILE, P.A.**
                     Andrew J. Shamis, Esq.
                     Florida Bar No. 101754
                     ashamis@shamisgentile.com

Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
Christopher Gold, Esq.
Florida Bar No. 088733
scott@edelsberglaw.com
chris@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

Filing #143484603 E-Filed 02/08/2022 10:49:50 AM

<span style="color:red">NOTICE OF REMOVAL<br>EXHIBIT B</span>

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

### CASE NO. 2022-002178-CA-01

ROBERT ETRI, individually and on behalf of all
others similarly situated,                                      CLASS ACTION

   *Plaintiff,*                                                  JURY TRIAL DEMANDED

vs.

ONE MEDICAL GROUP, INC.

   *Defendant.*
_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

   **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this
action on Defendant:

   ONE MEDICAL GROUP, INC.
   c/o CT Corporation System-Registered Agent
   One Embarcadero Center, Floor 19
   San Francisco, CA 94111

   Each Defendant is required to serve written defenses to the Complaint or petition on:
**Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida
33132,** within **twenty (20) days** after service of this summons on that Defendant, exclusive of
the date of service, and to file the original of the defenses with the Clerk of this Court either
before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a
default will be entered against that Defendant for the relief demanded in the complaint or
petition.

Dated this _____ day of _____,   2/11/2022

                                    Harvey Ruvin,          As Clerk of the Court
                                    Clerk of Courts

                                         **217043**
                                    By: _____
                                         As Deputy Clerk

## RETURN OF SERVICE

State of Florida

County of Miami-Dade

Circuit Court

Case Number: 2022-002178-CA-01

Plaintiff:
**ROBERT ETRI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**

vs.

Defendant:
**ONE MEDICAL GROUP, INC.**

For:
Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1ST Avenue, Suite 400
Miami, FL 33132

Received by Global Process Services Corp on the 14th day of February, 2022 at 10:30 am to be served on **ONE MEDICAL GROUP, INC. C/O CT CORPORTION SYSTEM- REGISTERED AGENT, ONE EMBARCADERO CENTER, FLOOR 19, SAN FRANCISCO, CA 94111.**

I, Tamar Ravid, do hereby affirm that on the **17th day of February, 2022** at **11:55 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Class Action Complaint** with the date and hour of service endorsed thereon by me, to: **DAISY MONTENEGRO** as AUTHORIZED AGENT for **ONE MEDICAL GROUP, INC. C/O CT CORPORTION SYSTEM- REGISTERED AGENT**, at the address of: **330 N. BRAND BLVD., SUITE 700, GLENDALE, CA 91203**, and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 30, Sex: F, Race/Skin Color: Hispanic, Height: 5'5", Weight: 130, Hair: Black, Glasses: N

I certify that I am over the age of eighteen, and that I have no interest in the above action. Per F.S.92.525(2) Under penalties of perjury, I declare that I have read the foregoing Return of Service and the facts stated in it are true.

_Tamar Ravid_
Tamar Ravid
#5967

**Global Process Services Corp**
P.O. Box 961556
Miami, FL 33296
(786) 287-0606

Our Job Serial Number: GER-2022000380
Ref: S&G

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ROBERT ETRI, individually and on behalf of
all others similarly situated,

        Plaintiff,

   v.

ONE MEDICAL GROUP, INC.,

        Defendant.

Case No. _____

**DEFENDANT'S RULE 7.1 CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1, defendant One Medical Group, Inc.

states that there is no parent corporation and that there is no publicly held corporation owning

10% or more of One Medical Group, Inc.'s stock..

Dated: March 18, 2022

By: _____

Matthew Sackel
Florida Bar No. 17903
msackel@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Blvd., Suite 1100
West Palm Beach, FL 33401
Tel: (561) 835-8500
Fax: (561) 650-8530

Eric Yesner
Florida Bar No. 127219
eyesner@shutts.com
**SHUTTS & BOWEN LLP**
200 East Broward Blvd., Suite 2100
Fort Lauderdale, FL 33301
Tel: (954) 524-5505
Fax: 954-524-5506

Leo P. Norton
(*pro hac vice forthcoming*)

lnorton@cooley.com
Michelle Doolin
(*pro hac vice forthcoming*)
mdoolin@coolege.com
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6083
Fax: (858) 550-6420

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I filed a true and correct copy of this document with the Clerk of this

Court via the CM/ECF system, which will notify all counsel who are registered CM/ECF users.

I further certify that, because the foregoing document commences a federal action and counsel

might not be registered CM/ECF users, the document will also be served via electronic mail to

the following counsel appearing on the state-court complaint:

Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
Christopher Gold, Esq.
Florida Bar No. 088733
chris@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

Eric M. Yesner

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ROBERT ETRI, individually and on behalf of
all others similarly situated,

        Plaintiff,

    v.

ONE MEDICAL GROUP, INC.,

        Defendant.

Case No. _____

## NOTICE OF APPEARANCE

Please take notice that LEO P. NORTON (*pro hac vice forthcoming*) and MICHELLE

DOOLIN (*pro hac vice forthcoming*) of Cooley LLP, and Matthew Sackel and Eric Yesner of

Shutts & Bowen LLP, hereby enter their appearance as counsel for Defendant One Medical

Group, Inc. and request that all future notices, pleadings, orders, and other communications that

are filed or served in this matter be served on them at the below-referenced email addresses.

Dated: March 18, 2022

By: _____

Matthew Sackel
Florida Bar No. 17903
msackel@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Blvd., Suite 1100
West Palm Beach, FL 33401
Tel: (561) 835-8500
Fax: (561) 650-8530

Eric Yesner
Florida Bar No. 127219
eyesner@shutts.com
**SHUTTS & BOWEN LLP**
200 East Broward Blvd., Suite 2100
Fort Lauderdale, FL 33301
Tel: (954) 524-5505

Fax: 954-524-5506

Leo P. Norton
(*pro hac vice forthcoming*)
lnorton@cooley.com
Michelle Doolin
(*pro hac vice forthcoming*)
mdoolin@coolege.com
**COOLEY LLP**
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6083
Fax: (858) 550-6420

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed a true and correct copy of this document with the Clerk of this

Court via the CM/ECF system, which will notify all counsel who are registered CM/ECF users.

I further certify that, because the foregoing document commences a federal action and counsel

might not be registered CM/ECF users, the document will also be served via electronic mail to

the following counsel appearing on the state-court complaint:

Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
Christopher Gold, Esq.
Florida Bar No. 088733
chris@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

_____
Eric M. Yesner